UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**SEPTEMBA KINNAIRD,**
    Plaintiff,

v.

**CAPITAL ONE,**
    Defendant.

**Case No. 5:24-cv-846-CLM**

## MEMORANDUM OPINION

Septemba Kinnaird sues Capital One, asserting claims pursuant to the Federal Reserve Act, 12 U.S.C. § 226; the Bill of Exchange Act; 12 U.S.C. § 1431, a provision of the Federal Reserve Act; the Equal Credit Opportunity Act, 15 U.S.C. § 1691; and the Truth in Lending Act. (Doc. 1 at 3). Kinnaird proceeds *pro se* and has filed a motion for leave to proceed *in forma pauperis* and receive an attorney. (Doc. 2).

The court **GRANTS** Kinnaird's motion to proceed *in forma pauperis* but **DENIES** her motion for appointment of an attorney. As explained, the court also **DISMISSES** this action **WITH PREJUDICE** for failing to state a claim on which relief can be granted.

—

## 1. Motion for Leave to Proceed in forma pauperis and receive an attorney

An applicant may proceed *in forma pauperis* if, "because of his poverty, [she] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Id.* (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir.1976)). The court considers the motion for authority to commence an action without prepayment

of fees, costs, or security valid because Kinnaird has provided sufficient information to support her status as indigent, including—but not limited to—her fixed income. (Doc. 2).

Regarding a motion for appointment of an attorney, "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). The Eleventh Circuit, however, has admonished that "[t]he appointment of counsel is . . . a privilege that is justified only by *exceptional circumstances*, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (emphasis added). Kinnaird has made no effort to retain an attorney, and the court has carefully considered Kinnaird's motion for appointment of an attorney and determines that she has failed to raise "exceptional circumstances" justifying court-appointed counsel. (*See* Doc. 1; Doc. 2).

## 2. Relevant Law

Federal law requires the court screen *in forma pauperis* complaints. Relevant here, Title 28 U.S.C. § 1915 requires the court "dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious; [or] fails to state a claim on which relief may be granted."

In conducting its review of Kinnaird's Complaint, the court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction. *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, the court may not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## 3. Relevant Facts

Kinnaird asserts:

> On May 16, 2024, defendant received [a] package from plaintiff containing the payment for one account. Enclosed in the package was the bill in which the plaintiff indorsed [*sic*], the tender of payment instructing the Chief Financial Officer Andrew Young to transfer the principal balance (interest) to the principal account each billing cycle for set-off, and a Power of Attorney validating ownership rights (the plaintiff has Power of Attorney over the principal) and provided for security of the transaction . . . .

(Doc. 1 at 9). Capital One closed Kinnaird's accounts and rejected Kinnaird's attempt at payment, stating "the method of payment provided violated the terms of the agreement set in place." (*Id.*). Kinnaird attempted to persuade Capital One to reverse that action, but Capital One refused. In addition, Capital One "continues to disclose plaintiff[']s security information with credit agencies." (*Id.*). As a result of Capital One's closure of her accounts, Kinnaird lacks access to vital funds. (*Id.*).

### 4. The Lawsuit

According to Kinnaird:

> The nature of this suit is breach of contract due to nonperformance. The plaintiff is not receiving valuable consideration in this contract which is extremely crucial in any contract. The consideration the plaintiff/principal is due is the interest on all three accounts, in which plaintiff has had no access to since May 24th, 2024. Defendant continues to withhold plaintiff of the given rights to credit. Defendant continues to move in greed and bad faith and overplay their legal role as the acting creditors, not the original creditors.

(*Id.* at 10). Kinnaird claims that Capital One violate several statutes.

She asserts that Capital One violated the Equal Credit Opportunity Act by treating her as a minor and discriminating against her on the basis of age. (*Id.*). She also asserts that Capital One violated 12 U.S.C. § 1431:

> Plaintiff came forth to claim all titles, rights, interest, and equity

> owed to the principal.  Defendant fails to uphold their duties to borrow [securities], give security, and pay interest.  Plaintiff exchanged the bill directing defendant to transfer the interest to the principal account.  Defendant failed to transfer the interest which is due to the principal.   Defendant in bad faith continues to oppress plaintiff, demanding unearned interest instead of transferring the interest as instructed.  Defendant is under regulation of the Federal Reserve and the Securities and Exchange Commission and must abide by the laws of these foundations.

(Doc. 1 at 11 (alteration in original)). She asserts Capital One violated the Bill of Exchange Act:

> Defendant issues bills each and every month.  A bill is a bill of exchange.  Plaintiff indorsed [sic] without recourse each bill for three accounts, and exchanged them back to defendant for transfer.  This act states a bill is to be paid with interest.  The defendant is to pay the interest under the Federal Reserve Act Section Part 5 where it states "such bank shall be charged with the amount of the notes issued to it and shall pay such rate of interest as may be established by the Board of Governors of the Federal Reserve System on only that amount of such notes."  Plaintiff has ownership rights of the principal whom is [sic] a member of the Federal Reserve System.  Plaintiff is being damaged by the defendants lack [sic] of legal standing to interpret lawful legal tender sent to them.

(*Id*.). She also claims Capital One violated the "Federal Reserve Act Section 16 Part 1 and Part 2":

> Upon application of the plaintiff with the defendant, plaintiff made advance in federal reserve notes to defendant, in which the defendant redeemed in lawful money on demand to the United States Treasury Department/Federal Reserve Bank.  Plaintiff gave collateral security to defendant.  In no event shall such collateral security be less than the amount of Federal Reserve notes applied for under this act.  Plaintiff utilized collateral security upon admission with defendant in which plaintiff is now coming forth to claim all unearned interest dated back to July of 2008.  Plaintiff requests from defendant to utilize the interest in

> the way instructed, to transfer the principal balance to the principal account for set-off each billing cycle for all three accounts.

(*Id.*). Finally, she claims Capital One violated the Truth in Lending Act by exercising "tactics that have been determined overly unjust, leading plaintiff to question the morals and intent of defendant," by "not conducting business with plaintiff i[n] an honest manner," by withholding pertinent information, and by "actively and persistently committing security fraud . . . ." (*Id.* at 11-12).

Kinnaird asks the court to order Capital One to follow her instructions for her three accounts "to prevent further damage to the accounts," and to "release all unearned interest on all three accounts of the plaintiff to the plaintiff along with any determined damages awarded for the breach that this Court deems just." (*Id.* at 12).

## 5. Discussion

In essence, Kinnaird received statements from Capital One regarding balances on three credit card accounts she maintained with it; wrote on each statement words conveying that the balance due comprised funds she endorsed into her "account"; sent letters to Capital One instructing it to apply the funds in her "accounts" to the balances due on her credit card accounts; and filed the instant action when Capital One declined to follow her instructions. (Doc. 1-2; Doc. 1-3). Neither these facts, nor Kinnaird's pleaded claims, presents a viable cause of action. Rather, Kinnaird's Complaint

> is similar to several others filed by *pro se* litigants filled with frivolous and nonsensical quasi-legal assertions and baseless theories in an attempt to avoid paying their debts and the consequences of their failure to pay their debts, in particular by alleging that they have satisfied their obligations through their own manufactured documents rather than legal forms of payment.

*White v. AT&T,* No. 123CV04308VMCJCF, 2023 WL 8821311, at *2 (N.D. Ga. Oct. 25, 2023). As numerous other district courts have recognized, the cited federal statutes do not provide relief for such a scheme. *See Thomas v. Fam. Sec. Credit Union,* No. CV 23-00222-TFM-B, 2024 WL 478070, at *5-6 (S.D. Ala. Jan. 17, 2024), *report and recommendation adopted,* No. 1:23-CV-222-TFM-B, 2024 WL 474837 (S.D. Ala. Feb. 7, 2024) (collecting cases).

As other courts have recognized, section 16 of the Federal Reserve Act does not create a private right of action. *Id.* at *5. The Bill of Exchange Act does not provide a viable cause of action because no such federal statute exists. *See id.* at *6 (collecting cases). District courts consistently recognize the inapplicability of 12 U.S.C. § 1431 to claims such as Kinnaird's. *Id.* at *6 (collecting cases). Title 12 U.S.C. § 1431 sets forth the powers and duties of Federal Home Loan Banks.  According to Capital One's website, it no longer services residential mortgage loans, and Kinnaird's accounts with Capital One involve consumer credit cards, not home loans. (Doc. 1-1; Doc. 1-3); *see also Home loans*, CAPITAL ONE, https://www.capitalone.com/help-center/contact-us/home-loans/. Kinnaird did not specify the provision of the Truth in Lending Act under which she proceeds, yet the court can discern no possible violation of that statute based on Capital One's alleged actions in this case. Finally, the Equal Credit Opportunity Act prohibits a creditor from discriminating against an applicant "with respect to any aspect of a credit transaction" on the basis of factors including age. 15 U.S.C. § 1691(a)(1). Other district courts have declined to extend the Equal Credit Opportunity Act's protections to allegations, like Kinnaird's, that a plaintiff "applied for credit, obtained credit, and the account was eventually closed." *Murray v. Cap. One N.A.*, No. CV 21-1190, 2021 WL 5802471, at *4 (W.D. Pa. Dec. 7, 2021).

To the extent Kinnaird asserts a state law claim for breach of contract, she must validly allege that a valid contract existed; she performed under the contract; Capital One failed to perform under the contract; and she suffered damages as a result. *Childs v. Pommer*, 348 So. 3d 379, 387 (Ala. 2021). As other district courts have concluded under similar circumstances, Kinnaird's allegations demonstrate neither her performance under the contract nor Capital One's non-performance. *See Thomas*, 2024 WL 478070, at *8 (citations omitted) ("[T]o the extent Thomas suggests that handwriting financial buzzwords on loan-related correspondence and repeatedly sending 'instructions to set off the principal's balance' amounted to legitimate performance under a contract, Thomas' assertion is highly implausible and, indeed, frivolous. Also highly implausible is Thomas' suggestion that Family Security's refusal to accept or comply with his nonsensical demands amounted to nonperformance under a contract between the parties.").

## CONCLUSION

Because Kinnaird has asserted no viable basis for relief, the court will **DISMISS** this action **WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B). The court will enter a separate Final Judgment.

The Clerk of Court is **DIRECTED** to send a copy of this Memorandum Opinion to Kinnaird at her address of record.

**DONE** and **ORDERED** on July 22, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE